**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No.**

JULIANNA ORMOND,

**Plaintiff,**

v.

**JURY TRIAL DEMANDED**

EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS INC, and TRANS UNION LLC,

**Defendants.**

_______________________________________/

## COMPLAINT

Plaintiff Julianna Ormond ("Plaintiff") sues Equifax Information Services LLC ("Equifax"), Experian Information Solutions Inc ("Experian"), and Trans Union LLC ("Trans Union") (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained-of conduct of Defendants occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Seminole County, Florida.

4. Equifax is a Georgia limited liability company, with its principal place of business located in Atlanta, Georgia.

5. Experian is an Ohio corporation, with its principal place of business located in Costa Mesa, California.

6. Trans Union is a Delaware limited liability company, with its principal place of business located in Chicago, Illinois.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. On or about January 29, 2026, Plaintiff requested a full disclosure of Plaintiff's file from Equifax, Experian, and Trans Union (the "Credit Reporting Agencies" or "CRAs").

9. Plaintiff sought copies of Plaintiff's complete file from the CRAs because [1] Plaintiff's personal identifying information was compromised in a data breach and, as a result, Plaintiff believed Plaintiff was the victim of identity theft;

and [2] Plaintiff was preparing to seek lines of credit, explore employment opportunities, and shop for insurance.

10. Upon obtaining disclosures from Equifax, Experian, and Trans Union, or more accurately, what was represented as a complete disclosure of Plaintiff's file from Equifax, Experian, and Trans Union, respectively, Plaintiff observed unrecognized information, accounts, and inquiries, as well as observed information that was false, misleading, incomplete, and otherwise inaccurate.

11. Distressed and concerned by the implications of false, inaccurate and/or incomplete information being reported, Plaintiff prepared written disputes to the CRAs.

12. Plaintiff's written disputes to the CRAs took explicit issue with information associated with the Credit Corp Solutions account reported as opened on 05-26-2022 and two LVNV Funding accounts reported as being opened on 07-09-2025 and 06-24-2025 respectively (collectively, the "Subject Accounts").

13. As detailed in Plaintiff's written disputes to the CRAs, the Credit Corp Solutions account is inaccurate and incomplete because (a) Plaintiff did not open an account with Credit Corp Solutions or anyone else on 05-26-2022; (b) the history, status, amounts, and dates reported are wrong; (c) payments made by Plaintiff are missing and unaccounted for; (d) the manner in which the account is reported

wrongfully causes Plaintiff to appear more delinquent than is accurate; and (e) the timing, validity, degree, and basis of delinquency are wrong.

14. As detailed in Plaintiff's written disputes to the CRAs, the LVNV Funding accounts are inaccurate and incomplete because (a) Plaintiff did not open an account with LVNV Funding or anyone else on 06-24-2025 or 07-09-2025; (b) the histories, statuses, amounts, and dates reported are wrong; (c) payments made by Plaintiff are missing and unaccounted for; (d) the manner in which the accounts are reported wrongfully causes Plaintiff to appear more delinquent than is accurate; and (e) the timing, validity, degree, and basis of delinquency are wrong.

15. On or about May 1, 2026, Plaintiff notified the CRAs in writing that the Subject Accounts were false, incomplete, and inaccurate (the "Initial Dispute").

16. In addition to detailing the nature of Plaintiff's disputes regarding the Subject Accounts, Plaintiff's written disputes to the CRAs, again, requested the complete contents of Plaintiff's file maintained by each of the CRAs. Plaintiff requested said full disclosures because, among other reasons, the information provided to Plaintiff by the CRAs in response to reports requested on January 29, 2026, was incomplete and otherwise did not reflect all the information maintained by the CRAs about Plaintiff. Moreover, Plaintiff believed additional accounts and/or information associated with identity theft were wrongfully being withheld.

17. The inaccurate and/or incomplete reporting of Subject Accounts materially hindered Plaintiff's ability to determine whether associated debts were valid, collectible, time-barred, or otherwise enforceable.

18. The inaccurate and/or incomplete reporting of Subject Accounts prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved Plaintiff's creditworthiness if reported.

19. The inaccurate and/or incomplete reporting of Subject Accounts had caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished Plaintiff's creditworthiness.

20. Credit scoring algorithms take into consideration the information disputed by Plaintiff, as well as associated omitted information, when generating a credit score, whereby incomplete and inaccurate information, including account statuses, causes a lower credit score to be generated.

21. Each of the CRAs received Plaintiff's Initial Dispute.

22. Despite receiving the Initial Dispute, Defendants failed to timely provide any feedback to Plaintiff regarding the Initial Dispute, including failing to provide Plaintiff with the requested complete disclosure of Plaintiff's file.

23. Following the lack of timely feedback regarding the Initial Disputes from the Defendants, Plaintiff became more distressed and anxious, as Plaintiff was

without feedback as to whether the disputed false, inaccurate, and/or incomplete information would be investigated and removed, or if Plaintiff would be forced to wrongfully endure the negative consequences thereof.

24. Exceedingly distressed and anxious by the lack of feedback, as well as the persistence of the Subject Accounts on Plaintiff's credit reports, on or about June 1, 2026, Plaintiff prepared additional written disputes to the CRAs regarding the Subject Accounts (the "Additional Disputes").

25. Each of the CRAs received Plaintiff's Additional Disputes.

26. Despite each of the CRAs receiving the Additional Disputes, Defendants failed to timely provide any feedback to Plaintiff regarding the Additional Disputes, including failing to provide Plaintiff with the requested complete disclosure of Plaintiff's file.

27. Following the lack of timely feedback regarding the Additional Disputes from Defendants, Plaintiff became more distressed and anxious, as Plaintiff was without feedback as to whether the disputed false, inaccurate, and/or incomplete information would be investigated and removed, or if Plaintiff would be forced to wrongfully endure the negative consequences thereof.

28. Plaintiff has suffered damages as a result of the incorrect reporting and Defendants' failures to correct the credit report pertaining to Plaintiff.

***ALLEGATIONS AS TO EQUIFAX***

29. Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

30. Equifax regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

31. Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports" which it provides to third parties.

32. On or about January 29, 2026, Plaintiff requested a complete disclosure of Plaintiff's file from Equifax.

33. On or about January 29, 2026, Equifax provided an incomplete disclosure to Plaintiff. Equifax failed to provide information it was obligated to disclose to Plaintiff, which includes, but is not limited to, information collected about Plaintiff through independent means, information disclosed to it by the furnishers of the Subject Accounts, and information communicated to it by another, including Plaintiff or the other credit reporting agencies, about Plaintiff. The information omitted by Equifax includes, but is not limited to, complete account numbers, payments, amounts, original or prior creditors, remarks, statements and historic account information.

34. The disclosure provided by Equifax on or about January 29, 2026 contains false, incomplete, and inaccurate information, which includes, but is not limited to, the information reported about the Subject Accounts.

35. The Subject Accounts are false, inaccurate, and incomplete.

36. On or about May 1, 2026, Plaintiff notified Equifax in writing that the Subject Accounts were false, inaccurate, and/or incomplete by and through the Initial Dispute.

37. The Initial Dispute took explicit issue with, among other things, the Subject Accounts and information reported therewith.

38. As part of the Initial Dispute, Plaintiff included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

39. By and through the Initial Dispute, Plaintiff provided Equifax with proper identification and sufficiently requested a copy of Plaintiff's complete file.

40. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Initial Dispute to Equifax.

41. On or about May 1, 2026, Equifax received the Initial Dispute.

42. In lieu of opening and considering the contents of the envelope containing the Initial Dispute, Equifax's investigation began and ended with the envelope containing the Initial Dispute, in that, Equifax's response to the Initial Dispute was based on the envelope containing the Initial Dispute, rather than the

envelope's contents, *i.e.*, the Initial Dispute itself. After choosing to conclude its investigation into the Initial Dispute based on the envelope containing the Initial Dispute, without considering said envelope's contents, Equifax ended its investigation in connection with the Initial Dispute.

43. Equifax failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Initial Dispute.

44. Equifax's failure to timely provide Plaintiff with a complete copy of Plaintiff's file prevented Plaintiff from taking further action with respect to suspected identity theft endured by Plaintiff.

45. Equifax transmitted the Initial Dispute to each entity that furnished information disputed by Plaintiff, including the furnisher of each of the Subject Accounts.

46. Despite receiving the Initial Dispute, Equifax failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Accounts.

47. Despite receiving the Initial Dispute, Equifax continued to report false, inaccurate and incomplete information disputed by Plaintiff.

48. Despite receiving the Initial Dispute, Equifax continued to report the Subject Accounts inaccurately.

49. Despite receiving the Initial Dispute, Equifax failed to notify Plaintiff that it deemed the Initial Dispute irrelevant and/or frivolous.

50. Despite receiving the Initial Dispute, Equifax failed to record in Plaintiff's file that the Subject Accounts were disputed by Plaintiff.

51. Equifax disclosed the contents of Plaintiff's file to third-parties without indicating that each of the Subject Accounts was disputed by Plaintiff.

52. Following the Initial Dispute, Equifax disclosed inaccurate and incomplete information about Plaintiff to third parties seeking information about or regarding Plaintiff's creditworthiness. The information disclosed by Equifax was inaccurate because (1) Equifax omitted information provided by furnishers of the Subject Accounts which, if disclosed, would have weighed in favor of Plaintiff's creditworthiness; and (2) Equifax provided information that was objectively wrong or false which, as disclosed, incorrectly weighed against Plaintiff's creditworthiness. Simply put, the inaccurate and incomplete information Equifax disclosed to third parties about Plaintiff impacted the decision making of said third parties to the detriment of Plaintiff.

53. As a result of Equifax's failure to take appropriate action in response to the Initial Dispute, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain

lines of credit, because Equifax continued to report the Subject Accounts in an incomplete and inaccurate fashion.

54. As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports following the Initial Dispute, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than two (2) hours of sleep.

55. As a result of Equifax's failure to take appropriate action in response to the Initial Dispute, Plaintiff was required to expend additional time and expenses preparing and sending additional written disputes to Equifax.

56. On or about June 1, 2026, Plaintiff continued to notify Equifax in writing that the Subject Accounts were false, inaccurate, and/or incomplete by and through the Additional Disputes.

57. The Additional Disputes took explicit issue with, among other things, the Subject Accounts and information reported therewith.

58. As part of the Additional Disputes, Plaintiff included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

59. By and through the Additional Disputes, Plaintiff provided Equifax with proper identification and sufficiently requested a copy of Plaintiff's complete file.

60. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Additional Disputes to Equifax.

61. As part of the Additional Disputes, in light of the adverse outcome of the Initial Disputes, Plaintiff explicitly requested the recording of a statement in Plaintiff's file with respect to the Subject Accounts so that, even if Equifax refused to conduct the necessary investigation, Plaintiff's articulation of the issue would, nonetheless, be part of Plaintiff's file.

62. On or about June 1, 2026, Equifax received the Additional Disputes.

63. In lieu of opening and considering the contents of the envelope containing the Additional Disputes, Equifax's investigation began and ended with the envelope containing the Additional Disputes, in that, Equifax's response to the Additional Disputes was based on the envelope containing the Additional Disputes, rather than said envelope's contents. After choosing to conclude its investigation into the Additional Disputes based on the envelope alone, Equifax ended its investigation in connection with the Additional Disputes.

64. Equifax failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Additional Disputes.

65. Equifax's failure to timely provide Plaintiff with a complete copy of Plaintiff's file prevented Plaintiff from taking further action with respect to suspected identity theft endured by Plaintiff.

66. Equifax transmitted the Additional Disputes to each entity that furnished information disputed by Plaintiff, including the furnisher of each of the Subject Accounts.

67. Despite receiving the Additional Disputes, Equifax failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Accounts.

68. Despite receiving the Additional Disputes, Equifax continued to report false, inaccurate and incomplete information disputed by Plaintiff.

69. Despite receiving the Additional Disputes, Equifax continued to report the Subject Accounts inaccurately.

70. Despite receiving the Additional Disputes, Equifax failed to notify Plaintiff that it deemed the Additional Disputes irrelevant and/or frivolous.

71. Despite receiving the Additional Disputes, Equifax failed to record Plaintiff's dispute statement in Plaintiff's file as explicitly requested by Plaintiff.

72. Despite receiving the Additional Disputes, Equifax failed to record in Plaintiff's file that the Subject Accounts were disputed by Plaintiff.

73. Equifax disclosed the contents of Plaintiff's file to third-parties without including Plaintiff's requested statements.

74. Equifax disclosed the contents of Plaintiff's file to third-parties without indicating that each of the Subject Accounts was disputed by Plaintiff.

75. Following the Additional Disputes, Equifax disclosed inaccurate and incomplete information about Plaintiff to third parties seeking information about or regarding Plaintiff's creditworthiness. The information disclosed by Equifax was inaccurate because (1) Equifax omitted information provided by furnishers of the Subject Accounts which, if disclosed, would have weighed in favor of Plaintiff's creditworthiness; and (2) Equifax provided information that was objectively wrong or false which, as disclosed, incorrectly weighed against Plaintiff's creditworthiness. Simply put, the inaccurate and incomplete information Equifax disclosed to third parties about Plaintiff impacted the decision making of said third parties to the detriment of Plaintiff.

76. As a result of Equifax's failure to take appropriate action in response to the Additional Disputes, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit, because Equifax continued to report the Subject Accounts in an incomplete and inaccurate fashion.

77. As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports following the Additional Disputes, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than two (2) hours of sleep.

78. As a result of Equifax's failure to take appropriate action in response to the Additional Disputes, Plaintiff was required to expend additional time and expenses preparing and sending another written dispute to Equifax.

79. Equifax failed to conduct a reasonable investigation into Plaintiff's disputes.

80. Equifax failed to review and consider all relevant information submitted by Plaintiff.

81. Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's disputes and, instead, chose to parrot the information it (Equifax) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

82. Equifax possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Equifax failed to correct the information.

83. Equifax's reporting of inaccurate information, despite evidence that said information is inaccurate, evidences Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

84. Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

85. Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

***ALLEGATIONS AS TO EXPERIAN***

86. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

87. Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

88. Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports" which it provides to third parties.

89. On or about January 29, 2026, Plaintiff requested a complete disclosure of Plaintiff's file from Experian.

90. On or about January 29, 2026, Experian provided an incomplete disclosure to Plaintiff. Experian failed to provide information it was obligated to disclose to Plaintiff, which includes, but is not limited to, information collected about Plaintiff through independent means, information disclosed to it by the furnishers of the Subject Accounts, and information communicated to it by another, including Plaintiff or the other credit reporting agencies, about Plaintiff. The information omitted by Experian includes, but is not limited to, complete account

numbers, payments, amounts, original or prior creditors, remarks, statements and historic account information.

91. The disclosure provided by Experian on or about January 29, 2026 contains false, incomplete, and inaccurate information, which includes, but is not limited to, the information reported about the Subject Accounts.

92. The Subject Accounts are false, inaccurate, and incomplete.

93. On or about May 1, 2026, Plaintiff notified Experian in writing that the Subject Accounts were false, inaccurate, and/or incomplete by and through the Initial Dispute.

94. The Initial Dispute took explicit issue with, among other things, the Subject Accounts and information reported therewith.

95. As part of the Initial Dispute, Plaintiff included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

96. By and through the Initial Dispute, Plaintiff provided Experian with proper identification and sufficiently requested a copy of Plaintiff's complete file.

97. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Initial Dispute to Experian.

98. On or about May 1, 2026, Experian received the Initial Dispute.

99. In lieu of opening and considering the contents of the envelope containing the Initial Dispute, Experian's investigation began and ended with the

envelope containing the Initial Dispute, in that, Experian's response to the Initial Dispute was based on the envelope containing the Initial Dispute, rather than the envelope's contents, *i.e.*, the Initial Dispute itself. After choosing to conclude its investigation into the Initial Dispute based on the envelope containing the Initial Dispute, without considering said envelope's contents, Experian ended its investigation in connection with the Initial Dispute.

100. Experian failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Initial Dispute.

101. Experian's failure to timely provide Plaintiff with a complete copy of Plaintiff's file prevented Plaintiff from taking further action with respect to suspected identity theft endured by Plaintiff.

102. Experian transmitted the Initial Dispute to each entity that furnished information disputed by Plaintiff, including the furnisher of each of the Subject Accounts.

103. Despite receiving the Initial Dispute, Experian failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Accounts.

104. Despite receiving the Initial Dispute, Experian continued to report false, inaccurate and incomplete information disputed by Plaintiff.

105. Despite receiving the Initial Dispute, Experian continued to report the Subject Accounts inaccurately.

106. Despite receiving the Initial Dispute, Experian failed to notify Plaintiff that it deemed the Initial Dispute irrelevant and/or frivolous.

107. Despite receiving the Initial Dispute, Experian failed to record in Plaintiff's file that the Subject Accounts were disputed by Plaintiff.

108. Experian disclosed the contents of Plaintiff's file to third-parties without indicating that each of the Subject Accounts was disputed by Plaintiff.

109. Following the Initial Dispute, Experian disclosed inaccurate and incomplete information about Plaintiff to third parties seeking information about or regarding Plaintiff's creditworthiness. The information disclosed by Experian was inaccurate because (1) Experian omitted information provided by furnishers of the Subject Accounts which, if disclosed, would have weighed in favor of Plaintiff's creditworthiness; and (2) Experian provided information that was objectively wrong or false which, as disclosed, incorrectly weighed against Plaintiff's creditworthiness. Simply put, the inaccurate and incomplete information Experian disclosed to third parties about Plaintiff impacted the decision making of said third parties to the detriment of Plaintiff.

110. As a result of Experian's failure to take appropriate action in response to the Initial Dispute, Plaintiff forwent opportunities which weighed on Plaintiff's

creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit, because Experian continued to report the Subject Accounts in an incomplete and inaccurate fashion.

111. As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports following the Initial Dispute, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than two (2) hours of sleep.

112. As a result of Experian's failure to take appropriate action in response to the Initial Dispute, Plaintiff was required to expend additional time and expenses preparing and sending additional written disputes to Experian.

113. On or about June 1, 2026, Plaintiff continued to notify Experian in writing that the Subject Accounts were false, inaccurate, and/or incomplete by and through the Additional Disputes.

114. The Additional Disputes took explicit issue with, among other things, the Subject Accounts and information reported therewith.

115. As part of the Additional Disputes, Plaintiff included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

116. By and through the Additional Disputes, Plaintiff provided Experian with proper identification and sufficiently requested a copy of Plaintiff's complete file.

117. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Additional Disputes to Experian.

118. As part of the Additional Disputes, in light of the adverse outcome of the Initial Disputes, Plaintiff explicitly requested the recording of a statement in Plaintiff's file with respect to the Subject Accounts so that, even if Experian refused to conduct the necessary investigation, Plaintiff's articulation of the issue would, nonetheless, be part of Plaintiff's file.

119. On or about June 1, 2026, Experian received the Additional Disputes.

120. In lieu of opening and considering the contents of the envelope containing the Additional Disputes, Experian's investigation began and ended with the envelope containing the Additional Disputes, in that, Experian's response to the Additional Disputes was based on the envelope containing the Additional Disputes, rather than said envelope's contents. After choosing to conclude its investigation into the Additional Disputes based on the envelope alone, Experian ended its investigation in connection with the Additional Disputes.

121. Experian failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Additional Disputes.

122. Experian's failure to timely provide Plaintiff with a complete copy of Plaintiff's file prevented Plaintiff from taking further action with respect to suspected identity theft endured by Plaintiff.

123. Experian transmitted the Additional Disputes to each entity that furnished information disputed by Plaintiff, including the furnisher of each of the Subject Accounts.

124. Despite receiving the Additional Disputes, Experian failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Accounts.

125. Despite receiving the Additional Disputes, Experian continued to report false, inaccurate and incomplete information disputed by Plaintiff.

126. Despite receiving the Additional Disputes, Experian continued to report the Subject Accounts inaccurately.

127. Despite receiving the Additional Disputes, Experian failed to notify Plaintiff that it deemed the Additional Disputes irrelevant and/or frivolous.

128. Despite receiving the Additional Disputes, Experian failed to record in Plaintiff's file that the Subject Accounts were disputed by Plaintiff.

129. Despite receiving the Additional Disputes, Experian failed to record Plaintiff's dispute statement in Plaintiff's file as explicitly requested by Plaintiff.

130. Experian disclosed the contents of Plaintiff's file to third-parties without including Plaintiff's requested statements.

131. Experian disclosed the contents of Plaintiff's file to third-parties without indicating that each of the Subject Accounts was disputed by Plaintiff.

132. Following the Additional Disputes, Experian disclosed inaccurate and incomplete information about Plaintiff to third parties seeking information about or regarding Plaintiff's creditworthiness. The information disclosed by Experian was inaccurate because (1) Experian omitted information provided by furnishers of the Subject Accounts which, if disclosed, would have weighed in favor of Plaintiff's creditworthiness; and (2) Experian provided information that was objectively wrong or false which, as disclosed, incorrectly weighed against Plaintiff's creditworthiness. Simply put, the inaccurate and incomplete information Experian disclosed to third parties about Plaintiff impacted the decision making of said third parties to the detriment of Plaintiff.

133. As a result of Experian's failure to take appropriate action in response to the Additional Disputes, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit, because Experian continued to report the Subject Accounts in an incomplete and inaccurate fashion.

134. As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports following the Additional Disputes, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than two (2) hours of sleep.

135. As a result of Experian's failure to take appropriate action in response to the Additional Disputes, Plaintiff was required to expend additional time and expenses preparing and sending another written dispute to Experian.

136. Experian failed to conduct a reasonable investigation into Plaintiff's disputes.

137. Experian failed to review and consider all relevant information submitted by Plaintiff.

138. Experian did not conduct any independent investigation after it (Experian) received Plaintiff's disputes and, instead, chose to parrot the information it (Experian) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

139. Experian possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Experian failed to correct the information.

140. Experian's reporting of inaccurate information, despite evidence that said information is inaccurate, evidences Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

141. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

142. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

***ALLEGATIONS AS TO TRANS UNION***

143. Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

144. Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

145. Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports" which it provides to third parties.

146. On or about January 29, 2026, Plaintiff requested a complete disclosure of Plaintiff's file from Trans Union.

147. On or about January 29, 2026, Trans Union provided an incomplete disclosure to Plaintiff. Trans Union failed to provide information it was obligated to disclose to Plaintiff, which includes, but is not limited to, information collected about Plaintiff through independent means, information disclosed to it by the furnishers of the Subject Accounts, and information communicated to it by another, including Plaintiff or the other credit reporting agencies, about Plaintiff. The information omitted by Trans Union includes, but is not limited to, complete account

numbers, payments, amounts, original or prior creditors, remarks, statements and historic account information.

148. The disclosure provided by Trans Union on or about January 29, 2026 contains false, incomplete, and inaccurate information, which includes, but is not limited to, the information reported about the Subject Accounts.

149. The Subject Accounts are false, inaccurate, and incomplete.

150. On or about May 1, 2026, Plaintiff notified Trans Union in writing that the Subject Accounts were false, inaccurate, and/or incomplete by and through the Initial Dispute.

151. The Initial Dispute took explicit issue with, among other things, the Subject Accounts and information reported therewith.

152. As part of the Initial Dispute, Plaintiff included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

153. By and through the Initial Dispute, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's complete file.

154. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Initial Dispute to Trans Union.

155. On or about May 1, 2026, Trans Union received the Initial Dispute.

156. In lieu of opening and considering the contents of the envelope containing the Initial Dispute, Trans Union's investigation began and ended with the

envelope containing the Initial Dispute, in that, Trans Union's response to the Initial Dispute was based on the envelope containing the Initial Dispute, rather than the envelope's contents, *i.e.*, the Initial Dispute itself. After choosing to conclude its investigation into the Initial Dispute based on the envelope containing the Initial Dispute, without considering said envelope's contents, Trans Union ended its investigation in connection with the Initial Dispute.

157. Trans Union failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Initial Dispute.

158. Trans Union's failure to timely provide Plaintiff with a complete copy of Plaintiff's file prevented Plaintiff from taking further action with respect to suspected identity theft endured by Plaintiff.

159. Trans Union transmitted the Initial Dispute to each entity that furnished information disputed by Plaintiff, including the furnisher of each of the Subject Accounts.

160. Despite receiving the Initial Dispute, Trans Union failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Accounts.

161. Despite receiving the Initial Dispute, Trans Union continued to report false, inaccurate and incomplete information disputed by Plaintiff.

162. Despite receiving the Initial Dispute, Trans Union continued to report the Subject Accounts inaccurately.

163. Despite receiving the Initial Dispute, Trans Union failed to notify Plaintiff that it deemed the Initial Dispute irrelevant and/or frivolous.

164. Despite receiving the Initial Dispute, Trans Union failed to record in Plaintiff's file that the Subject Accounts were disputed by Plaintiff.

165. Trans Union disclosed the contents of Plaintiff's file to third-parties without indicating that each of the Subject Accounts was disputed by Plaintiff.

166. Following the Initial Dispute, Trans Union disclosed inaccurate and incomplete information about Plaintiff to third parties seeking information about or regarding Plaintiff's creditworthiness. The information disclosed by Trans Union was inaccurate because (1) Trans Union omitted information provided by furnishers of the Subject Accounts which, if disclosed, would have weighed in favor of Plaintiff's creditworthiness; and (2) Trans Union provided information that was objectively wrong or false which, as disclosed, incorrectly weighed against Plaintiff's creditworthiness. Simply put, the inaccurate and incomplete information Trans Union disclosed to third parties about Plaintiff impacted the decision making of said third parties to the detriment of Plaintiff.

167. As a result of Trans Union's failure to take appropriate action in response to the Initial Dispute, Plaintiff forwent opportunities which weighed on

Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit, because Trans Union continued to report the Subject Accounts in an incomplete and inaccurate fashion.

168. As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports following the Initial Dispute, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than two (2) hours of sleep.

169. As a result of Trans Union's failure to take appropriate action in response to the Initial Dispute, Plaintiff was required to expend additional time and expenses preparing and sending additional written disputes to Trans Union.

170. On or about June 1, 2026, Plaintiff continued to notify Trans Union in writing that the Subject Accounts were false, inaccurate, and/or incomplete by and through the Additional Disputes.

171. The Additional Disputes took explicit issue with, among other things, the Subject Accounts and information reported therewith.

172. As part of the Additional Disputes, Plaintiff included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

173. By and through the Additional Disputes, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's complete file.

174. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Additional Disputes to Trans Union.

175. As part of the Additional Disputes, in light of the adverse outcome of the Initial Disputes, Plaintiff explicitly requested the recording of a statement in Plaintiff's file with respect to the Subject Accounts so that, even if Trans Union refused to conduct the necessary investigation, Plaintiff's articulation of the issue would, nonetheless, be part of Plaintiff's file.

176. On or about June 1, 2026, Trans Union received the Additional Disputes.

177. In lieu of opening and considering the contents of the envelope containing the Additional Disputes, Trans Union's investigation began and ended with the envelope containing the Additional Disputes, in that, Trans Union's response to the Additional Disputes was based on the envelope containing the Additional Disputes, rather than said envelope's contents. After choosing to conclude its investigation into the Additional Disputes based on the envelope alone, Trans Union ended its investigation in connection with the Additional Disputes.

178. Trans Union failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Additional Disputes.

179. Trans Union's failure to timely provide Plaintiff with a complete copy of Plaintiff's file prevented Plaintiff from taking further action with respect to suspected identity theft endured by Plaintiff.

180. Trans Union transmitted the Additional Disputes to each entity that furnished information disputed by Plaintiff, including the furnisher of each of the Subject Accounts.

181. Despite receiving the Additional Disputes, Trans Union failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Accounts.

182. Despite receiving the Additional Disputes, Trans Union continued to report false, inaccurate and incomplete information disputed by Plaintiff.

183. Despite receiving the Additional Disputes, Trans Union continued to report the Subject Accounts inaccurately.

184. Despite receiving the Additional Disputes, Trans Union failed to notify Plaintiff that it deemed the Additional Disputes irrelevant and/or frivolous.

185. Despite receiving the Additional Disputes, Trans Union failed to record Plaintiff's dispute statement in Plaintiff's file as explicitly requested by Plaintiff.

186. Despite receiving the Additional Disputes, Trans Union failed to record in Plaintiff's file that the Subject Accounts were disputed by Plaintiff.

187. Trans Union disclosed the contents of Plaintiff's file to third-parties without including Plaintiff's requested statements.

188. Trans Union disclosed the contents of Plaintiff's file to third-parties without indicating that each of the Subject Accounts was disputed by Plaintiff.

189. Following the Additional Disputes, Trans Union disclosed inaccurate and incomplete information about Plaintiff to third parties seeking information about or regarding Plaintiff's creditworthiness. The information disclosed by Trans Union was inaccurate because (1) Trans Union omitted information provided by furnishers of the Subject Accounts which, if disclosed, would have weighed in favor of Plaintiff's creditworthiness; and (2) Trans Union provided information that was objectively wrong or false which, as disclosed, incorrectly weighed against Plaintiff's creditworthiness. Simply put, the inaccurate and incomplete information Trans Union disclosed to third parties about Plaintiff impacted the decision making of said third parties to the detriment of Plaintiff.

190. As a result of Trans Union's failure to take appropriate action in response to the Additional Disputes, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit, because Trans Union continued to report the Subject Accounts in an incomplete and inaccurate fashion.

191. As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports following the Additional Disputes, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than two (2) hours of sleep.

192. As a result of Trans Union's failure to take appropriate action in response to the Additional Disputes, Plaintiff was required to expend additional time and expenses preparing and sending another written dispute to Trans Union.

193. Trans Union failed to conduct a reasonable investigation into Plaintiff's disputes.

194. Trans Union failed to review and consider all relevant information submitted by Plaintiff.

195. Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiff's disputes and, instead, chose to parrot the information it (Trans Union) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

196. Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Trans Union failed to correct the information.

197. Trans Union's reporting of inaccurate information, despite evidence that said information is inaccurate, evidences Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

198. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

199. Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1681e(b)**
(*against Equifax*)

200. Plaintiff incorporates by reference ¶¶ 8-85 of this Complaint.

201. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

202. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

203. Equifax further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Accounts, despite possessing evidence that such information was inaccurate.

204. Equifax further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Accounts.

205. Equifax's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

206. Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

207. Additionally, or in the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

208. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Equifax, was the direct and proximate result of Equifax's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. § 1681e(b).

209. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

210. In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

211. Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

212. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

213. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF 15 U.S.C. § 1681i**
(*against Equifax*)

214. Plaintiff incorporates by reference ¶¶ 8-85 of this Complaint.

215. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

216. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and

consider all relevant information submitted by the Plaintiff with respect to the disputed information.

217. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

218. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Equifax on or about June 1, 2026.

219. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

220. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff on or about June 1, 2026.

221. Equifax further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

222. Equifax further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in Plaintiff's credit report.

223. Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Equifax had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Equifax had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

224. Additionally, or in the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed,

failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

225. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

226. In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

227. Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

228. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

229. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to

15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Equifax*)

230. Plaintiff incorporates by reference ¶¶ 8-85 of this Complaint.

231. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's full credit file, despite Plaintiff's multiple requests accompanied by proper identification, which included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

232. Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's full file, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

233. In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a full disclosure and failing to provide the information as required.

234. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

235. In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

236. Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

237. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

238. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C.

§§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## VIOLATION OF 15 U.S.C. § 1681e(b)
(*against Experian*)

239. Plaintiff incorporates by reference ¶¶ 8-28, 86-142 of this Complaint.

240. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

241. Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

242. Experian further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Accounts, despite possessing evidence that such information was inaccurate.

243. Experian further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Accounts.

244. Experian's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

245. Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

246. Additionally, or in the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

247. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. § 1681e(b).

248. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

249. In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

250. Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

251. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

252. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: **[1]** Actual

damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**VIOLATION OF 15 U.S.C. § 1681i**
(*against Experian*)

253. Plaintiff incorporates by reference ¶¶ 8-28, 86-142 of this Complaint.

254. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

255. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

256. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

257. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(b) by failing to record in

Plaintiff's credit file the dispute statement contained in the correspondence sent to Experian on or about June 1, 2026.

258. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

259. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff on or about June 1, 2026.

260. Experian further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

261. Experian further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in Plaintiff's credit report.

262. Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Experian had notice was

inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

263. Additionally, or in the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

264. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

265. In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

266. Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

267. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

268. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Experian*)

269. Plaintiff incorporates by reference ¶¶ 8-28, 86-142 of this Complaint.

270. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's full credit file, despite Plaintiff's multiple requests

accompanied by proper identification, which included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

271. Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's full file, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

272. In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a full disclosure and failing to provide the information as required.

273. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

274. In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

275. Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

276. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit,

emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

277. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## VIOLATION OF 15 U.S.C. § 1681e(b)
(*against Trans Union*)

278. Plaintiff incorporates by reference ¶¶ 8-28, 143-199 of this Complaint.

279. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

280. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when

reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

281. Trans Union further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Accounts, despite possessing evidence that such information was inaccurate.

282. Trans Union further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Accounts.

283. Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

284. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in

the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

285. Additionally, or in the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

286. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. § 1681e(b).

287. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

288. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

289. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

290. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

291. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## VIOLATION OF 15 U.S.C. § 1681i
(*against Trans Union*)

292. Plaintiff incorporates by reference ¶¶ 8-28, 143-199 of this Complaint.

293. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

294. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

295. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

296. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Trans Union on or about June 1, 2026.

297. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

298. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff on or about June 1, 2026.

299. Trans Union further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

300. Trans Union further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in Plaintiff's credit report.

301. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

302. Additionally, or in the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff

as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

303. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

304. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

305. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

306. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

307. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to

15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 9
## VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Trans Union*)

308. Plaintiff incorporates by reference ¶¶ 8-28, 143-199 of this Complaint.

309. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's full credit file, despite Plaintiff's multiple requests accompanied by proper identification, which included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

310. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's full file, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

311. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a full disclosure and failing to provide the information as required.

312. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

313. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

314. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

315. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

316. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C.

§§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

DATED: October 1, 2026

Respectfully Submitted,

/s/ Talal Rashid

**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail: Talal@pzlg.legal
**NATALIE STAROSCHAK, ESQ.**
Florida Bar No. 116745
E-mail: Natalie@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone: 305-332-6201

*COUNSEL FOR PLAINTIFF*